**John SALAZAR; et al., Plaintiffs–Appellants,**

v.

**CITY OF BURBANK; et al., Defendants–Appellees,**

**and**

**Walter Chang, an individual; et al., Defendants.**

**No. 06–55046.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2007.

Filed Oct. 1, 2007.

Derek L. Tabone, Law Offices of Derek L. Tabone, Van Nuys, CA, for Plaintiffs–Appellants.

Carol Ann Humiston, Esq., Office of the City Attorney, Burbank, CA, for Defendants–Appellees.

Alexandra A. Bodnar, Esq., Squires Sanders & Dempsey, LLP, Los Angeles, CA, for Defendants.

Before: BERZON and IKUTA, Circuit Judges, and SINGLETON,* Senior District Judge.

## MEMORANDUM **

We review the district court's grant of summary judgment de novo. *See Qwest Commc'ns Inc. v. Berkeley,* 433 F.3d 1253, 1256 (9th Cir.2006). Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-

---

* The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

moving party, "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *see also Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 921–22 (9th Cir.2004).

The Fourth Amendment protects people from unreasonable searches and seizures of "their persons, houses, papers, and effects." U.S. CONST. amend. IV. "A 'seizure' of property ... occurs when 'there is some meaningful interference with an individual's possessory interests in that property.'" *Soldal v. Cook County*, 506 U.S. 56, 61, 113 S.Ct. 538, 121 L.Ed.2d 450 (1992) (quoting *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984)).

The district court recited this test but failed to apply it. The district court ruled that Plaintiffs were not dispossessed of any property, but failed to address the mixed factual and legal issue whether Plaintiffs even had a possessory interest in the business premises. Moreover, the parties disagreed whether the police officers ordered Plaintiffs to leave the premises. Viewing the facts in the light most favorable to Plaintiffs, a reasonable finder of fact could determine that the police officers' order to the Plaintiffs to vacate the premises constituted meaningful interference with a possessory interest. *See Soldal*, 506 U.S. at 61–69, 113 S.Ct. 538. Therefore, the district court erred in ruling there were no disputed issues of material fact as to whether the police officers seized Plaintiffs' property.

The district court noted that it had found no precedent holding that the specific police action at issue here constituted a seizure of property within the meaning of the Fourth Amendment. However, the lack of precedent does not relieve a court of its responsibility to apply Constitutional principles to the legal and factual dispute

before it. At "this point neither the district court nor the parties have devoted sufficient attention to the elucidation and resolution of these issues to permit us to deem a grant of summary judgment appropriate." *United States ex rel. Plumbers and Steamfitters Local Union No. 38 v. C.W. Roen Constr. Co.*, 183 F.3d 1088, 1095 (9th Cir.1999).

Under *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the district court must address the question whether the officers' conduct violated Plaintiffs' constitutional rights before considering whether any such constitutional rights were clearly established. This includes determining not only whether a seizure occurred but whether the seizure was unreasonable. *See Soldal*, 506 U.S. at 61–62, 113 S.Ct. 538. Therefore, the district court's grant of summary judgment must be reversed.

**REVERSED and REMANDED.**